# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK K. ANDERSON, JR.,

        Plaintiff,

v.

Case No. 25-CV-509-JPS

DODGE CORRECTIONAL
INSTITUTION, COLUMBIA
CORRECTIONAL INSTITUTION,
REDGRANITE CORRECTIONAL
INSTITUTION, PRIMECARE, KIRA
LABBY, DR. LODESMA, DONALD
COATS, C.O. DEMERS, BRIAN
GREFF, VERNON COUNTY
CIRCUIT COURT, JESSYCA
SWENSON, VERNON COUNTY
PROBATION AND PAROLE, and
JESSYCA PALMER FISHER,

**ORDER**

        Defendants.

Plaintiff, Mark K. Anderson, Jr., filed a complaint in the above captioned action. ECF No. 1. Plaintiff has also filed a motion for leave to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. ECF No. 3. On May 7, 2025, the Court ordered Plaintiff to pay an initial partial filing fee ("IPFF") of $8.87 on or before June 6, 2025. ECF No. 7. On May 12, 2025, the Court denied Plaintiff's motion to reconsider or amend the IPFF. ECF No. 9. On August 27, 2025, the Court dismissed Plaintiff's case for the failure to prosecute and entered judgment accordingly. ECF Nos. 17, 18. Pending before the Court is Plaintiff's motion for reconsideration. ECF No. 19.

The Court will deny Plaintiff's motion for reconsideration. Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Here, Plaintiff's motion does not meet the high burden necessary to succeed. Plaintiff provides generally that he needed additional time to pay the IPFF. ECF No. 19. The Court is sympathetic to Plaintiff's position; however, the Court gave Plaintiff significant additional time to comply with

his obligations following the initial deadline to pay the IPFF. As such, the Court is obliged to deny Plaintiff's motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration, ECF No. 19, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Case 2:25-cv-00509-JPS    Filed 06/03/26    Page 3 of 3    Document 20